# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**NANCY ANN SARRACCO,**

    **Plaintiff,**

**v.**                                                           **Case No: 5:15-cv-61-Oc-PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Petition for Attorney Fees. (Doc. 28). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of attorney fees in the amount of $7,329.41. The attached schedules of hours confirm the attorney hours. (Doc. 28-1). Plaintiff also requests to recover the $400.00 filing fee and $40.00 certified mailing expenses. The Commissioner has no objection to the Petition so long as the Order states that the $400.00 filing fee is considered costs and the $40.00 certified mailing expenses are considered expenses. (Doc. 29).

Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time proceeding was filed was less than two million dollars.[1] On July 5, 2016, the Court entered an

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 26). The next day, the Clerk entered Judgment. (Doc. 27). On October 3, 2016, Plaintiff filed her petition for attorney's fees. (Doc. 28).

Plaintiff attached a copy of the fee agreement (Doc. 28-4), which includes Plaintiff's assignment of EAJA fees to her counsel. In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's Petition for Attorney's Fees (Doc. 28) is hereby **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$7,329.41,** costs in the amount of **$400.00,** and expenses in the amount of **$40.00.** Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on October 25, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties